UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CONSOLIDATED EDISON                                     No.:  18-cv-2267
COMPANY OF NEW YORK, INC.,

                                  Plaintiff,                                 **COMPLAINT**

           – against –

ROBERT S. CANTOR,

                                  Defendant.

------------------------------------------------------------------------X

       Plaintiff Consolidated Edison Company of New York, Inc., by and through its attorney, Scott A. Levinson, alleges upon personal knowledge as to itself, and upon information and belief as to all other matters, the following:

### Introduction

       1.      Con Edison seeks specific performance of its September 27, 2017 written agreement with Robert S. Cantor for the conveyance of a permanent underground utility easement grant at Cantor's commercial investment property at 218 Saw Mill River Road in Greenburgh, New York.  Notably, Con Edison and Cantor, a licensed real estate broker, reached this agreement through a long-planned and extensive mediation facilitated by a retired Justice of the New York State Supreme Court known for his condemnation and property valuation experience.  The mediation was held at the offices of Cantor's real estate counsel, with each side being represented by counsel

and their respective expert appraisers.  Cantor was also joined by his spouse.  The agreed-upon value of the permanent easement was set at $225,000, and the agreement amicably resolved Con Edison's need to otherwise condemn a utility easement.

2. At all relevant times, Con Edison was and remains ready, willing, and able to complete this transaction and pay the agreed-upon amount.

3. On February 28, 2018, Cantor's counsel informed Con Edison that Cantor was no longer willing to convey the permanent easement grant to Con Edison for $225,000 because Cantor now thinks the agreed-upon price was too low.  This renegotiation ploy is a breach of the parties' September 27, 2017 agreement.  Cantor's counsel also stated that he would not be representing Cantor going forward.

4. Because Con Edison has no adequate remedy at law for Cantor's breach of the agreement, it seeks specific performance.

**Parties**

5. Plaintiff Consolidated Edison Company of New York, Inc. was and is a corporation duly organized and existing under and by virtue of the laws of the State of New York, with a place of business located at 4 Irving Place, New York, NY 10003.

6. Defendant Robert S. Cantor was and is a resident and domiciliary of Westport, Connecticut, and the owner of the commercial investment property known as 218 Saw Mill River Road in Greenburgh, New York.  Cantor is a licensed real estate broker in Connecticut.

## Jurisdiction and Venue

7. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this Court under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this District or the real property, which is the subject of this action is situated in this District.

## Facts

9. Since 1971, under the terms of a renewable temporary easement granted to Con Edison by the prior owner of the property, Con Edison has maintained underground electrical feeders at 218 Saw Mill River Road.

10. The original easement grant was for a five-year term and gave Con Edison the right to renew the easement grant up to nine times, with each subsequent renewal also having a five-year term, the last expiring in 2021. Con Edison duly renewed through 2021. Cantor disagrees that Con Edison had the right to renew the easement grant up to nine times. He believes that Con Edison could only renew the easement grant up to eight times, the last expiring in 2016. Regardless of whether the last renewable easement grant expired in 2016 or doesn't expire until 2021, Con Edison sought to obtain a permanent easement grant from Cantor.

11.     Con Edison explained to Cantor that although it could condemn a permanent easement under its eminent domain powers (New York Transportation Corporations Law § 11(3-a)), it would prefer to reach an amicable agreement with Cantor for a permanent easement grant.

12.     After extensive negotiations, Con Edison and Cantor were unable to agree on the value of a permanent easement. Rather than proceeding with condemnation, Con Edison agreed with Cantor to mediate the value of a permanent easement under eminent domain law.

13.     The parties engaged the Honorable Abraham G. Gerges, a retired Justice of the New York State Supreme Court, as their mediator because of his experience as the presiding judge in the Kings County condemnation part and his familiarity with the methodologies for valuing condemned property.

14.     Before the mediation, both parties submitted mediation statements with appraisals of the value of the permanent easement prepared by MAI appraisers. And both parties attended the mediation with counsel and the appraisers that prepared the respective appraisals.

15.     The mediation concluded with the parties entering into the September 27, 2017 agreement for the conveyance of the permanent easement grant. (A copy of this agreement is attached hereto as Exhibit A.) The agreement was prepared by Thomas A. Toscano, Cantor's counsel, and reviewed by and agreed to by all parties. The parties agreed that Con Edison would pay Cantor $225,000 for the permanent

easement grant, which amount was less than Cantor's appraised value of the permanent easement, but greater than Con Edison's.

16.  In the agreement, Con Edison agreed to pay Cantor by December 31, 2018, the parties agreed to develop and execute more formal documents by that date, and Cantor agreed to provide consents to the permanent easement, or a subordination agreement, from any party with a superior interest.

17.  At the mediation, Con Edison gave Toscano a proposed draft of the formal easement grant. This began the following series of communications between Con Edison's attorneys and Toscano:

   a.  On October 4, 2017, Toscano emailed Con Edison's attorneys with comments on the draft formal easement grant and requesting a copy of the survey.

   b.  Later that day, Con Edison's attorney Diep Nguyen informed Toscano that despite Cantor's representation at the mediation that the property was free and clear of all liens, a title report on the property showed an outstanding mortgage.

   c.  On October 10, 2017, Nguyen and Toscano exchanged emails concerning Toscano's October 4, 2017 comments to the draft formal easement grant.

   d.  On October 19, 2017, Toscano confirmed that the mortgage shown on the title report had been satisfied and that he was taking the necessary

steps to obtain and record a duplicate satisfaction of this mortgage.  Toscano informed Con Edison that he expected to have the duplicate satisfaction of mortgage for recording in a week and suggested that the parties "proceed on that understanding."

      e.      On October 31, 2017, Nguyen sent Toscano an email inquiring about the satisfaction of mortgage.  Toscano replied on November 1, 2017, that he should have it in a few days.

      f.      On November 12, 2017, Nguyen sent Toscano by email a revised draft of the formal easement grant, and copies of the survey and legal description.  She again inquired about the satisfaction of mortgage.  As of this date, Con Edison was ready, willing, and able to proceed with acquisition of the easement grant subject to Cantor's recording of the duplicate satisfaction of mortgage (or providing a consent or subordination agreement as required by the agreement).

      g.      On November 28, 2017, having received no response from Toscano to Con Edison's November 12, 2017 email, Con Edison attorney Scott Levinson emailed Toscano inquiring about the status.  Toscano replied later that day with an email saying: "I appreciate your patience. HSBC is still processing the duplicate satisfaction of mortgage.  It was paid off such a long time ago, they had to do 'research'.  Should be available soon.  Maybe 7-10 days longer."

      h.      On December 8, 2017, Toscano emailed Con Edison's attorneys advising them that he expected to have the duplicate original satisfaction of mortgage on Tuesday, December 12, 2017, and requesting a copy of the final set of documents for signature by Cantor.

      i.      On December 19, 2017, Con Edison's attorney Michael Davi forwarded Nguyen's November 12, 2017 email with the revised draft of the easement grant documents to Toscano. Davi also inquired whether Toscano had the satisfaction of mortgage. Finally, Davi informed Toscano that Davi was going to be on vacation the following week and requested that the parties wrap things up by Friday, December 22, 2017.

      j.      Cantor responded on December 20, 2017 by providing a copy of the satisfaction and stating that they were waiting for the recorded version, which they expected to follow shortly.

      k.      Cantor did not provide Con Edison with a copy of the recorded satisfaction of the mortgage until January 2, 2018. In this email, Toscano indicated that Cantor was ready to proceed with the conveyance of the permanent easement grant.

      l.      On January 4, 2018, Toscano responded to Davi's December 19, 2017 email with comments on the formal easement grant. Davi responded to these comments on January 5, 2018 and also requested Cantor's address and

social security number, which information was necessary to complete the final formal easement grant documents.

    m.    On January 7, 2018, Toscano responded saying that he would "wrap this up with his Client this week." On January 9, 2018, Toscano emailed Davi saying that he would call him with the requested information (Cantor's address and social security number).

    n.    On January 19, 2018, after obtaining Cantor's address and social security number from Toscano, which information was necessary to complete the easement grant documents, Davi sent Toscano by email the final formal easement grant documents for Cantor's execution. These documents are substantially similar to the documents Nguyen sent Cantor on November 12, 2017. The principle difference being the inclusion of Cantor's address and social security number.

    o.    On January 31, 2018, Toscano responded by email that he was meeting with Cantor the following week to execute the final formal easement grant documents.

    p.    On February 14, 2018, Davi emailed Toscano to find out when Con Edison could expect to receive the fully executed final formal easement grant documents.

    q.    After receiving no response to his February 14, 2018 email, Davi emailed Toscano again on February 27, 2018 to inquire about the status.

18. Shockingly, on February 28, 2018, Toscano sent an email to Davi saying that Cantor "will not sign the documentation. In the past few months, he has received additional guidance regarding the value of the easement. He does not believe that the amount which ConEd is offering is fair and reasonable." Toscano further stated that Con Edison should "expect to hear from Mr. Cantor's new legal counsel. [Toscano] will no longer be representing Mr. Cantor in further proceedings related to this matter."

19. As can be seen from these communications between Con Edison's attorneys and Toscano, Con Edison has been ready, willing, and able to proceed with acquisition of the easement grant since at least November 19, 2017, subject to Cantor's recording of the duplicate satisfaction of mortgage (or providing a consent or subordination agreement as required by the agreement).

20. Having invested a substantial amount of time and effort in reaching the September 27, 2017 agreement and drafting the final formal easement grant documents, Con Edison seeks and is entitled to the benefit of its bargain, without the need for additional legal proceedings.

## CLAIM FOR RELIEF
### (Breach of Contract)

21. Con Edison repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 20 of the Complaint with the same force and effect as if more fully set forth at length herein.

22. Since in or about March 2000, Cantor was and continues to be the owner in fee of real property at 218 Saw Mill River Road in Greenburgh, New York, which is the commercial investment property out of which this action arises.

23. On September 27, 2017, Con Edison and Cantor executed a written contract for the purchase and sale of a permanent easement grant over Cantor's property at 218 Saw Mill River Road, a copy of which is annexed hereto as Exhibit A.

24. This permanent easement grant is special, unique, and irreplaceable because Con Edison has maintained underground electrical feeders through the area of this permanent easement grant under the 1971 easement grant, and must continue to maintain those feeders.

25. At all relevant times, Con Edison was and is ready, willing, and able to perform the September 27, 2017 agreement; has tendered performance by offering to pay the purchase price upon Cantor's signing of the final easement grant documents; and that in all other respects, Con Edison has duly performed all of the conditions of the September 27, 2017 on its part to be performed.

26. Cantor's only purported excuse for failing to perform is his false belief that the agreed-upon price was not fair and reasonable.

27. By reason of Cantor's actions in failing and refusing to perform the September 27, 2017 agreement, Con Edison will be irreparably damaged.

28. Cantor has breached the express and implied terms of the September 27, 2017 agreement, including the implied covenant of good faith and fair dealing.

29. Con Edison has no adequate remedy at law.

**WHEREFORE**, Con Edison demands judgment against Cantor as follows:

A. Compelling Robert S. Cantor to specifically perform the September 27, 2017 agreement.

B. That if specific performance of the September 27, 2017 agreement cannot be had, then a judgment for damages against Robert S. Cantor in an amount to be determined at trial, including but not limited to the costs to Con Edison to condemn a permanent easement, or alternatively to relocate its feeders off Cantor's property, together with the costs and disbursement of this action, including, without limitation, attorneys' fees, and expenses.

C. For such other and further relief as to this Court seems just and proper.

Dated:   New York, New York
         March 14, 2018

                                    SCOTT A. LEVINSON

                                    By: /s/ Michael S. Davi
                                         Michael S. Davi
                                    *Attorneys for Plaintiff*
                                    *Consolidated Edison Company of New York, Inc.*
                                    4 Irving Place, Room 1800
                                    New York, New York 10003
                                    (212) 460-2741
                                    (212) 260-8627 (Facsimile)
                                    davim@coned.com

11